IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISCTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE GREEN PET SHOP ENTERPRISES, LLC, <br> Plaintiff, <br> v. <br> MAZE INNOVATIONS, INC., <br> Defendants. | Misc. Action No. 16-894 <br><br> (Pending in N.D. Ill. at 1:15-cv-1138) |

## OPINION

On October 7, 2016, non-party Davison Design and Development, Inc. ("Davison") filed a motion to quash a subpoena issued by counsel for plaintiff The Green Pet Shop Enterprises, LLC ("GPS"), in the above-captioned matter. (ECF No. 1.) The above-captioned matter is pending in the United States District Court for the Northern District of Illinois (the "Chicago Court"). <u>The Green Pet Shop Enterprises, LLC v. Maze Innovations, Inc.</u>, 1:15-cv-1138 (N.D. Ill.) (the "Chicago Action"). The Chicago Action is a patent infringement case in which GPS, accuses Maze Innovations, Inc. ("Maze") of infringing two patents that are "directed to an innovative cooling platform for pets." (Chicago Action, ECF No. 74-1 at 1.) The subpoena issued to Davison, which maintains its principal place of business in Pittsburgh, Pennsylvania, seeks the production of documents related to a product purportedly described on Davison's website as the "Chilly Mat," and communications between Maze and Davison about that product. (ECF No. 1-2 (the "Subpoena") at 5 (¶ 10).)

Davison moves to quash the Subpoena on various grounds, including that the Subpoena a) was issued months after the fact-discovery cut-off date in the Chicago Action, b) was improperly served, c) fails to include the text of Federal Rule of Civil Procedure 45(d) and

(e), d) violates the 100-mile limitation of Rule 45(c)(2)(A), e) fails to allow a reasonable time for compliance, f) requests the production of confidential, trade secret materials, g) imposes an undue burden on Davison, and h) is vague and overbroad. (ECF No. 1.)

Under the Federal Rules of Civil Procedure subpoenas are issued from the court where the action is pending, and motions to enforce or excuse compliance with subpoenas are addressed to the court where compliance is required. FED.R.CIV.P. 45(a)(2). The rule permits the compliance court to "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED.R.CIV.P. 45(f). The Advisory Committee notes provide some guidance as to when exceptional circumstances may be found:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

FED.R.CIV.P. 45, advisory committee's note.

The Subpoena was issued from the United States District Court for the Northern District of Illinois, where the Chicago Action is pending. (ECF No. 1-2 at 1.) The Subpoena commands Davison to produce documents at the offices of counsel for GPS, in Chicago, Illinois. (Id.) The issuing court and the compliance court are, therefore, the same. Because motions to quash subpoenas must be filed in the district where compliance is required, Davison's motion should have been filed in the United States District Court for the Northern District of Illinois.

2

FED.R.CIV.P. 45(d)(3)(A). For this reason alone, Davison's motion to quash must be transferred to that court.

To the extent that Davison filed the motion in this court, which maintains a division in Pittsburgh, Pennsylvania, because Davison can only be commanded to produce documents at a place within 100 miles of where it regularly transacts business, this court finds that exceptional circumstances warrant transferring this motion to the United States District Court for the Northern District of Illinois. FED.R.CIV.P. 45(c)(2)(A) & (f). The court reaches this conclusion based upon public filings made in this matter and in the Chicago Action. Responses from GPS or Maze, therefore, are not necessary under the circumstances. The interests of justice compel this court to act swiftly in order to ensure that the judge presiding over the Chicago Action has the power to effectively and efficiently manage that matter and to enforce the deadlines it has established.

Any burden on Davison by being required to obtain an order quashing the Subpoena from the Chicago Court is outweighed by the risk that proceedings in this court would disrupt the Chicago Court's management of the Chicago Action or be inconsistent with that court's rulings on the same, or similar issues. In January 2016, the Chicago Court set a fact discovery cut-off date of July 14, 2016. Chicago Action, ECF No. 58. On July 1, 2016, GPS and Maze jointly sought an extension of that deadline until September 23, 2016 for the limited purpose of conducting depositions. Chicago Action, ECF No. 66-1. The Chicago Court granted that request. The Subpoena to Davison, which does not notice a deposition, was signed on September 22, 2016, received by Davison on September 26, 2016, and demanded production of documents on October 6, 2016. (ECF No. 1 at 1; ECF No. 1-2 at 1.) This brief procedural history of the Chicago Action demonstrates that non-deposition fact discovery ended more than

two months before GPS issued the Subpoena to Davison. Although the parties sought more time for depositions, there is no indication on the public docket for the Chicago Action that the parties sought an extension of the July 14, 2016 fact-discovery cut-off date in order to obtain documents from non-parties. Under these circumstances, the Chicago Court should decide whether the Subpoena issued to Davison violated its case management orders.

In addition, the Chicago Court can better assess how the documents sought from Davison substantively relate to the Chicago Action. Notably, GPS filed a motion for summary judgment seeking a ruling that the asserted patents are not invalid over the published prior art as a matter of law. Chicago Action, ECF No. 74-1. It is unclear whether the documents sought from Davison are relevant to that motion, or to any legal or factual issues that may be pertinent to the resolution of it. The Chicago Court should make these assessments.

It is also unclear whether the production of documents from Davison will affect the Chicago Court's claim construction proceedings. In the Chicago Action, briefing on claim construction began in August 2016, and appears to have been completed on September 15, 2016. Chicago Action, ECF Nos.70, 77; L.P.R. 4.2 (N.D. Ill.). A claim construction hearing is scheduled for November 4, 2016. Chicago Action, ECF No. 72. With a <u>Markman</u> hearing imminent, any risk that this court could disrupt the claim construction proceedings must be avoided. All decisions possibly affecting the Chicago Action's claim construction proceedings should be centralized in the Chicago Court.

For these reasons, the court concludes that exceptional circumstances justify transfer of Davison's motion to quash to the United States District Court for the Northern District of Pennsylvania. Although the court recognizes that this ruling interferes with Davison's interest in obtaining local resolution of its motion to quash, Davison's interests are outweighed

by the risk that this court's rulings could be inconsistent with prior rulings or orders issued by the Chicago Court, or would interfere with that court's ongoing proceedings. Although all case management decisions rest entirely within the discretion of the Chicago Court, this court notes that there are now various ways in which the burdens on remote non-parties can be ameliorated, including the use of telephonic or video conferencing, to the extent that any hearing on Davison's motion to quash is deemed necessary.

      For the foregoing reasons, this matter will be transferred forthwith to the United States District Court for the Northern District of Illinois for adjudication by Judge Kennelly, who is presently presiding over the matter captioned <u>The Green Pet Shop Enterprises, LLC v. Maze Innovations, Inc.</u>, 1:15-cv-1138, or any other judge to whom that matter is assigned at the time of transfer. An appropriate order will be filed contemporaneously with this opinion.

October 12, 2016                                      BY THE COURT:

                                                          /s/ *Joy Flowers Conti*
                                                          Joy Flowers Conti
                                                          Chief U.S. District Judge